IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.: CR205-36 |
| v. ) | |
| ) | |
| EDMUND PENDLET POWELL ) | |

## ORDER

Defendant Edmund Pendlet Powell ("Powell") is charged with violating 18 U.S.C. § 472, possession of counterfeit currency. Powell filed a Motion in Limine requesting that the Court exclude at trial evidence of a prior guilty plea for receiving stolen property and any other prior acts which the Government plans to present at trial.

In this Motion, Powell contends that evidence regarding his 1997 prior guilty plea for receipt of stolen property should be excluded from evidence at his trial. Powell asserts that this plea is not admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Doc. No. 32, p. 2.) Powell further asserts that the Government has not demonstrated that this prior crime is "intrinsic to and inextricably intertwined with" the current charges against him. (Id.) Powell also argues that even if the Government could establish the admissibility of his 1997 conviction, the probative value of this evidence is outweighed by its undue prejudice.

In their Consolidated Notice of Other Acts Evidence, the Government asserts that it intends to present evidence of Powell's 1997 guilty plea for receiving stolen property as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

AO 72A
(Rev. 8/82)

mistake or accident, or alternatively, as intrinsic to and 'inextricably intertwined' with the crimes charged in the indictment." (Doc. No. 29.) However, the Government did not file a response to Powell's Motion in Limine.

Federal Rule of Evidence 404(b) prohibits the admissibility at trial evidence of other crimes to prove "the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). However, such evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. The Eleventh Circuit has devised a three-part approach to determine the admissibility of evidence under Rule 404(b): 1) "the evidence must be relevant to an issue other than defendant's character"; 2) "as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act"; and 3) "the evidence must possess probative value that is not substantially outweighed by its undue prejudice" as provided by Rule 403. United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004) (citing United States v. Miller, 959 F.2d 1535 (11th Cir. 1992)).

In the instant case, the Government has failed to demonstrate the relevancy of Powell's prior guilty plea. It appears that the Government has simply listed the exceptions provided in Rule 404(b). Accordingly, Powell's Motion in Limine is **GRANTED** at this time.

**SO ORDERED**, this 1st day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev. 8/82)